UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DAPHNE CLAXTON, on behalf of herself and others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ALLIANCE CAS, LLC, | |
| Defendant. | |

**Nature of Action**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of certain Florida consumers who have been the subject of debt collection efforts by Alliance CAS, LLC ("Defendant").

2. By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant

concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. And over one-third of the debt collection complaints the CFPB receives involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5. To address this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" at the outset of the relationship, which must contain certain information about consumers' alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*

7. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. Part and parcel to the validation notice is a 30-day window for the consumer to dispute her alleged debt, seek verification of the debt, or seek creditor information regarding the debt. 15 U.S.C. § 1692g(a).

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

9. Pertinent here, "[a]ny collection activities and communication during th[is] 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

10. This case centers on the overshadowing and deceptive language Defendant uses in its initial written communications to Florida consumers.

**Parties**

11. Daphne Claxton ("Plaintiff") is a natural person who at all relevant times resided in Broward County, Florida.

12. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, monies allegedly owed to a homeowner's association in the amount of $15,936.32 (the "Debt").

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Defendant is a limited liability company with its principal office in Broward County, Florida.

16. Defendant "specializes in the collections of unpaid assessments from delinquent home owners for condominiums."[3]

---

[3] *See* http://alliancecas.com/about-us/ (last accessed April 18, 2019).

17. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

21. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

22. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant transacts business and has its principal office in this district.

## Factual Allegations

23. On or about August 6, 2018, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

24. A true and correct copy of the August 6, 2018 communication to Plaintiff is attached as Exhibit A.

25. This August 6, 2018 communication to Plaintiff was the first communication Plaintiff received from Defendant about the Debt.

26. Plaintiff did not receive any other communications from Defendant within five days of the August 6, 2018 communication.

27. Defendant's August 6, 2018 letter to Plaintiff opened with the following:

> Alliance CAS has been retained by **Sunpointe Springs Condominium Association, Inc.** to effectuate the collection of your delinquent account. The following amounts are currently due on your account to **Sunpointe Springs Condominium Association, Inc.,** and must be paid within 30 days after your receipt of this letter. This letter shall serve as the Association's notice of intent to record a claim of lien against your property no sooner than 30 days from the date of this letter, unless you pay in full the amounts set forth below.

Ex. A.

28. The letter continued:

> **Unless, within thirty (30) days of receipt of the receipt of this letter, you dispute the validity of this debt (or any portion thereof) owed to the association, this office shall assume the debt is valid. If you notify this office in writing within the thirty (30) day period that the debt (or any portion thereof) is disputed, this office shall obtain written verification of the debt from the association and mail same to you. Upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Alliance CAS is a "debt collector" under the Fair Debt Collection Practices Act. We are attempting to collect a debt, and any information will be used for that purpose.**

*Id.*

## Class Action Allegations

29. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to whom Alliance CAS, LLC mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) which stated that the debt "must be paid within 30 days" of receipt of the communication.

5

30. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

31. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

32. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

33. The proposed class is ascertainable because it is defined by reference to objective criteria.

34. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

35. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

36. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

37. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

39. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

40. There should be no difficulty in the management of this action as a class action.

41. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

42. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. whether Defendant's demand for payment within 30 days of receipt of its initial collection letter violates 15 U.S.C. § 1692g(b);

   d. the availability of statutory penalties; and

   e. the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b)**

43. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 42 above.

44. The FDCPA at 15 U.S.C. § 1692g(b) provides:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof,

> until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

45. The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g(a) in its August 6, 2018 communication was ineffective, as Defendant's demand for payment within 30 days of receipt of the letter contradicted and overshadowed the mandatory validation notice.

46. In the alternative, Defendant, through its initial communication, failed to explain an apparent, though not actual, contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

47. Indeed, the August 6, 2018 communication stated:

> The following amounts are currently due on your account to **Sunpointe Springs Condominium Association, Inc.,** and must be paid within 30 days after your receipt of this letter. This letter shall serve as the Association's notice of intent to record a claim of lien against your property no sooner than 30 days from the date of this letter, unless you pay in full the amounts set forth below.

Ex. A.

48. This statement not only demanded payment within 30 days of Plaintiff's receipt of the letter—before the close of the prescribed validation window under section 1692g(a)—but also conveyed to Plaintiff that the only way to avoid a claim of lien being filed against her property was to pay the Debt in full within that 30-day period.

8

49. Of course, pursuant to section 1692g(a), Plaintiff was entitled to dispute all or a portion of the Debt, and to seek creditor information, during the 30-day validation window that begins to run upon her receipt of the August 6, 2018 letter.

50. By threatening escalated collection action absent payment within 30 days of Plaintiff's receipt of the letter, Defendant encouraged Plaintiff to *not* take advantage of her validation rights and thus forego important protections afforded by the FDCPA, all to Defendant's benefit and Plaintiff's detriment.

51. At minimum, the statement that Plaintiff must make payment within 30 days of her receipt of the letter is inconsistent with the disclosure that she has 30 days to dispute the debt, particularly where there is no explanation as to how the demand for payment and Plaintiff's validation rights fit together.

52. This runs counter to the stated purpose and multiple notice requirements of the FDCPA.

53. Relatedly, the Seventh Circuit recognized in *Chauncey v. JDR Recovery Corp.*:

> Defendant argues that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (i.e., "within thirty (30) days"). But the letter required that plaintiff's payment be received within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply. In contrast, subparagraphs (3) and (4) of § 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt.

118 F.3d 516, 519 (7th Cir. 1997); *see also Swift v. Maximus, Inc.*, No. 04-216, 2004 WL 1576618, at *3-4 (E.D.N.Y. July 15, 2004) ("[T]he notice states that payment must be received within the thirty day limit. Even the least-sophisticated consumer would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline.").

54. In sum, the effect of Defendant's demand for payment within 30 days of Plaintiff's receipt of the August 6, 2018 letter was to cause a consumer like Plaintiff to waive, or believe she did not have, the validation rights specifically afforded her under 15 U.S.C. § 1692g.

55. Defendant's August 6, 2018 communication correspondingly overshadowed and was inconsistent with the validation notice mandated by the FDCPA, in violation of 15 U.S.C. § 1692g(b).

56. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally and regarded her personal alleged debt.

57. "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

58. And Defendant's failure to provide the disclosures in a manner sufficient for the least sophisticated consumer to understand constitutes a concrete injury. *See Church v. Accretive Health, Inc.*, 654 F'. Appx. 990, 995 (11th Cir. 2016) ("The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled…. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.").

59. Moreover, the content of Defendant's August 6, 2018 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended

complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

60. Specifically, when a consumer is given her statutory validation rights but simultaneously instructed to make payment on her debt within that same 30-day validation window or else risk a lien against her property, she is likely, to at minimum, be uncertain as to her rights, and potentially forego her statutorily-mandated validation rights for fear of facing additional action by Defendant or the creditor.

61. Here, in fact, Plaintiff was uncertain as to whether she had 30 days to dispute the debt, or whether she had to pay the debt within 30 days of receipt of Defendant's letter in order to prevent a lien from being filed.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

62. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-42.

63. The FDCPA at 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

64. The August 6, 2018 communication stated:

The following amounts are currently due on your account to **Sunpointe Springs Condominium Association, Inc.,** and must be paid within 30 days after your receipt of this letter. This letter shall serve as the Association's notice of intent to record a claim of lien against your property no sooner than 30 days from the date of this letter, unless you pay in full the amounts set forth below.

Ex. A.

65. This statement not only demanded payment within 30 days of Plaintiff's receipt of the letter—before the close of the prescribed validation window under section 1692g(a)—but

11

also conveyed to Plaintiff that the only way to avoid a claim of lien being filed against her property was to pay the Debt in full within that 30-day period.

66. Of course, pursuant to section 1692g(a), Plaintiff was entitled to dispute all or a portion of the Debt, and to seek creditor information, during the 30-day validation window that begins to run upon her *receipt* of the August 6, 2018 letter.

67. If Plaintiff disputed the debt (or requested contact information for the original creditor) in writing, the law then required Defendant to cease all collection activities "until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

68. Thus, payment within the 30-day validation window was not the only way to avoid the immediate filing of a claim of lien against Plaintiff's property, despite what Defendant's letter implied.

69. Defendant, by threatening escalated collection action absent payment within 30 days of Plaintiff's receipt of the letter, encouraged Plaintiff to *not* take advantage of her validation rights and thus forego important protections afforded by the FDCPA, all to Defendant's benefit and Plaintiff's detriment.

70. Accordingly, Defendant's August 6, 2018 letter constitutes a deceptive and misleading representation in connection with the collection of the Debt.

71. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally and regarded her personal alleged debt.

72. And the violation of the right not to be the target of misleading debt collection communications is a concrete injury sufficient to confer standing. *See, e.g.*, *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

### Trial by Jury

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  April 19, 2019                                       Respectfully submitted,

/s/ James L. Davidson
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class